Alabama Great Southern R. Co. *v.* Halford.

(Division A. May 26, 1930. Suggestion of Error Overruled June 26, 1930.)

[128 So. 505. No. 28526.]

Bozeman & Cameron, of Meridian, for appellant.

Reily & Parker, of Meridian, for appellee.

**Cook, J.,** delivered the opinion of the court.

The appellee, A. W. Halford, instituted this suit in the circuit court of Lauderdale county, against the Alabama Great Southern Railroad Company, seeking to recover damages for personal injuries alleged to have been received while he was employed by said railroad company, and, from a verdict and judgment in favor of the appellee for four thousand dollars, this appeal was prosecuted.

The appellant defended on the grounds, first, that the appellee was not employed by it, and, second, that the injury to the appellee was not the result of negligence; and upon these two issues there was very little real conflict in the evidence. The appellee was a member of the bridge and builders' gang, a crew of men who were engaged in building and repairing bridges, buildings, and other equipment in the railroad yards in the city of Meridian, Mississippi. On the day that the appellee was injured, this crew was engaged in working on a bridge of the New Orleans & Northeastern Railroad Company in the southern part of the said railroad yards. At the conclusion of the day's work, the appellee and three other members of the crew started to push a hand car loaded with tools back to the toolhouse located toward the northern part of the yards. The arrival of an Alabama Great Southern freight train in the yards, which

was switched on to the track on which this hand car was proceeding north, made it necessary that the hand car be shifted from that track to an adjoining track. This hand car had an extension or handle at each of its four corners, and the four men then in the crew took hold of the car, one at each corner, and lifted it up and moved it to the adjoining track, but just before the end at which the appellee was stationed was in position to be let down on the rails, for some reason, the man next to the appellee dropped his corner of the car, thereby, as testified to by appellee, causing the appellee to sustain a serious strain and injury to his back. The track on which the hand car was being moved back to the toolhouse and the adjoining track to which the crew attempted to move the hand car were both the property of the New Orleans & Northeastern Railroad Company. Other facts in reference to the circumstances, nature and extent of the appellee's injury will not be here detailed, for the reason that we have reached the conclusion that a decision of the first issue stated above will dispose of this appeal.

Upon the question as to whether or not the relation of master and servant existed between the appellee and the appellant, the appellee testified, in a general way, that he was employed by the appellant company, but, on cross-examination, he testified that he applied to E. F. Naylor, the foreman of this bridge and builders' gang, for the job; that he was hired by Naylor; that he had no communication of any kind with any other person about securing the job; that Naylor then occupied the same position at the time of the trial—being foreman of this bridge and builders' gang; and that he had no personal knowledge as to which railroad hired Naylor, or which of them paid him for his work, or to which of them Naylor was accountable.

As bearing upon the question of whether or not the appellee was employed by the appellant, the following additional facts may be said to be established by the testimony without any material dispute therein: The Ala-

bama Gerat Southern Railroad Company and the New
Orleans & Northeastern Railroad Company are separate
corporations, each owning a railroad which forms a part
of the Southern Railway System. The Alabama Great
Southern Railroad Company runs from Meridian, Mis-
sissippi, to Birmingham, Alabama, while the New Or-
leans & Northeastern Railroad runs from Meiidian, Mis-
sissippi, to New Orleans, Louisiana. The railroad yards
in the city of Meridian extended from a point some dis-
tance north of Twenty-Second avenue to a point more
than a mile south of that avenue. The Alabama Great
Southern Railroad Company owns no tracks, yards, or
property south of said Twenty-Second avenue, while the
New Orleans & Northeastern Railroad Company and
the Yazoo & Mississippi Valley Railroad Company own
the tracks and yards beginning at Twenty-Second avenue
and extending south to the yard limit. The New Orleans
& Northeastern Railroad Company owns and operates
extensive railroad shops which are located in that por-
tion of the railroad yards owned by it, and likewise the
railroad yards in the city of Meridian are operated by
the New Orleans & Northeastern Railroad Company and
its employees, but are used by all the railroad companies
having lines leading into this injunction point in the city
of Meridian. E. F. Naylor, the foreman of the crew in
which the appellee was employed, had been an employee
of the New Orleans & Northeastern Railroad Company
for about fifteen years, and during all that time his
wages were paid by that company. The appellee's wages
for the day he was injured, as well as for the several
months thereafter during which he continued as a mem-
ber of this bridge and builders' gang, were paid by the
New Orleans & Northeastern Railroad Company.

The record shows, and it is admitted, that the officers
or employees who had the right to control and direct the
services of Naylor, and from whom he received his in-
structions, were officers or employees of the appellant

company; but it is undisputed that, while the salaries of these officers are paid by the Alabama Great Southern Railroad Company, the time devoted by them in supervising the New Orleans & Northeastern Railroad employees in the yards at Meridian was charged against the New Orleans & Northeastern Railroad Company and paid by it. It is also shown, and admitted, that this bridge and builders' gang sometimes did work on the property of the Alabama Great Southern Railroad Company which was located in that part of the railroad yards which is north of Twenty-Second avenue in Meridian. But it is likewise shown, without dispute, that the New Orleans & Northeastern Railroad Company charged the cost of such work against the Alabama Great Southern Railroad Company. It is likewise shown by the proof, and admitted by counsel, that, as a matter of convenience, the members of the bridge and builders' gang, of which Naylor was foreman, as well as other employees working the Meridian yards, had seniority rights on the Alabama Great Southern Railroad, while the employees of the Alabama Great Southern Railroad Company had seniority rights in the Meridian yards. In explanation of this fact, the uncontroverted testimony is that, prior to 1924, Naylor's crew, being a New Orleans & Northeastern crew, carried its seniority rights with the New Orleans & Northeastern Railroad. In that year, however, a representative of the Alabama Great Southern Railroad Company and a representative of the New Orleans & Northeastern Railroad Company and representatives of the labor unions having jurisdiction over the employees of these two railroads held a conference at which the arrangement above outlined was agreed upon, and this agreement was reduced to writing and thereafter continued in force. It was further shown by the testimony, however, that when, under this agreement, an Alabama Great Southern railroad man took a job on Naylor's gang in the Meridian yards, he was at once

transferred to the New Orleans & Northeastern Railroad Company's pay roll, and became an employee of it.

At the conclusion of the evidence, the appellant requested a peremptory instruction, and the refusal of this instruction is assigned as error, the first contention of counsel in support of this assignment being that, under the evidence, the jury would not be warranted in reaching the conclusion that at the time of his injury the appellee was employed by the appellant. In Roberts Federal Liabilities of Carriers, vol. 2, p. 1380, the generally accepted test for determining whether the relation of master and servant exists is stated in the following language: "Under well-settled principles of the common law the existence of the relation of master and servant is generally tested by a consideration of four elements: (1) Selection and engagement of the servant; (2) payment of wages; (3) power of dismissal; and (4) the power to control the actions of the servant; and the coincidence in one person of these four elements undoubtedly constitutes such person the master or employer." And in the same paragraph this author further says that: "Indeed, as has been pointed out by the Federal supreme court, it is generally held that the three first enumerated elements are not in reality ultimate facts, but 'only those more or less useful in determining whose is the work and whose is the power of control.' And even the power of control may not always constitute an infallible test."

We do not think the evidence in this case warrants the conclusion that any of the above-mentioned elements exist. It is true that it is clearly shown that the officials or employees of the Alabama Great Southern Railroad Company have supervision over the Meridian yards, and the power to control the actions of the employees in these yards, but it is also shown by the evidence that, in exercising this supervision over these yards, these officials are acting for the New Orleans & Northeastern Railroad Company and not for the Alabama Great Southern

Railroad Company, and that the New Orleans & Northeastern Railroad Company paid for all services rendered in that capacity, and therefore, in exercising this supervision over these yards, the employees were, in effect, employees of the New Orleans & Northeastern Railroad Company. We do not deem the matter of seniority rights to be persuasive against this view. Seniority rights of employees of railroads are established and fixed by agreement between the railroads and their employees, and the testimony in this case is that the seniority rights of this particular crew, as well as other employees in these yards, were held on the New Orleans & Northeastern Railroad until, as a matter of convenience, this arrangement was changed by agreement, and a contract was entered into between the representatives of the Alabama Great Southern and New Orleans & Northeastern Railroad Companies and representatives of the labor unions having jurisdiction over the employees in the Meridian yards. On the day that he was injured, appellee was engaged in working on a bridge on the main line track of the New Orleans & Northeastern Railroad Company. When he was injured, he was using a New Orleans & Northeastern hand car, and was lifting it from one New Orleans & Northeastern Railroad track to another owned by the same company. He was on property owned exclusively by the New Orleans & Northeastern Railroad Company, and was returning the car and tools to the toolhouse as a part of the work performed by him that day on a bridge owned exclusively by the New Orleans & Northeastern Railroad Company; and under all the evidence, we think the only conclusion permissible is that he was an employee of that company. It follows from these views that the peremptory instruction requested by the appellant should have been granted, and therefore the judgment of the court below will be reversed, and judgment will be entered here for the appellant.

Reversed, and judgment for appellant.